# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS BARTOLO MADRIZ-SANDOVAL,<br><br>Defendant. | CASE NO. 1:13-CR-000328-(1)-LJO-BAM<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 49) |

Before the Court is Defendant Luis B. Madriz-Sandoval's *pro se* motion to reduce his sentence (Doc. 49), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Government has opposed the instant motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 56. The Federal Defender's Office declined to supplement the motion. *See* Doc. 54. Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

## I.  BACKGROUND

Defendant Madriz-Sandoval pleaded guilty to a single count indictment for violation of 21 U.S.C. 846 and 841(a)(1), conspiracy to distribute methamphetamine, where the amount of drugs

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

attributed to him is 10 kilograms of actual methamphetamine and 290 pounds of crystal methamphetamine. *See* Doc. 38-1 at ¶¶ 6, 13. Based on the amount of methamphetamine involved in the case, the PSR determined that the base offense level was 38. *Id.* at ¶ 13.

Accepting the PSR, pursuant to §2D1.1(a)(5)(iii), the Court found that the Defendant's base offense level was 38 and his criminal history was category I (based on 0 criminal history points). *Id.* at ¶¶ 27, 28. Pursuant to §§ 3E1.1(a) and (b), Defendant qualified for a base offense reduction by 3 levels for his acceptance of responsibility, and, pursuant to §§ 3B1.1 and 3B1.2, due to Defendant's minor role in the offense, the Court reduced the base offense level by two levels, for an adjusted offense level of 33. *Id.* at ¶ 14. The Guidelines range for a defendant with an offense level of 33 and a criminal history category I was 135 to 168 months imprisonment. U.S.S.G. Ch. 5, Pt. A. On December 22, 2014, the Court imposed a sentence of 135 months, 24 months supervised release, and a $100 special assessment. *See* Docs. 41, 42.

## II.   LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

## III.   DISCUSSION

By his motion, Defendant Madriz-Sandoval requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d). Defendant argues that under the Amendment

he is entitled to a reduction in sentence from 135 months to 108 months imprisonment, based on a new guidelines range of 108 to 135 months because his "new total offense level is 31." Doc. 49 at 5.

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

The initial inquiry is whether Defendant Madriz-Sandoval is eligible for sentence reduction. The Court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon*, 560 U.S. at 825-26. And § 3582 permits reduction of a sentence only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment

listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

In this case, the Court does not have the authority to modify the Defendant's sentence. *Dillon*, 560 U.S. at 825-26. Although the Amendment reduces by two the base offense levels for most drug offenders, Defendant misapprehends the effect this has on his sentence. Amendment 782, § 1B1.10. The Amendment does not lower the base offense level for defendants whose crimes involved more than 4.5 kilograms of actual methamphetamine. Amendment 782, § 1B1.10. Here, the amount of drugs involved is in excess of 10 kilograms of actual methamphetamine and an additional 290 pounds of crystal methamphetamine, an amount greater than the minimum set to qualify a person for the highest base offense level. PSR at ¶¶ 6, 13; § 2D1.1. As a result, Defendant's base offense level remains at 38, and his criminal history is unchanged at category I. The applicable sentence guideline range for a defendant with an adjusted offense level of 33 and a criminal history category of I remains at 135 to 168 months, the same as the previous range applicable to his case before Amendment 782 took effect. U.S.S.G. Ch. 5, Pt. A. In sum, Amendment 782 has not reduced the guideline range applicable in the defendant's case.

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, § 1B1.10 (a)(2)(B) militates finding that no reduction of sentence may occur. *See, e.g., United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant does not qualify for a sentence reduction. To the extent that the movant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is that the movant is not eligible for a sentence reduction, the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

The Court commends Defendant Madriz-Sandoval on his efforts and commitment to rehabilitation. The Court's denial of his request is in no way a reflection of Defendant's character, but rather a matter of law.

//

//

## IV.     CONCLUSION AND ORDER

The Court concludes that Defendant Madriz-Sandoval has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Luis B. Madriz-Sandoval's motion to reduce his sentence (Doc. 49) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:     **January 11, 2016**          /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE