UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:13-CR-000328-(1)-LJO-BAM |
| Plaintiff, | ORDER AFTER REMAND PERMITTING SUPPLEMENTAL SHOWING OF GOOD CAUSE |
| v. | |
| LUIS BARTOLO MADRIZ-SANDOVAL, | |
| Defendant. | |

On January 11, 2016, this Court issued a Memorandum Decision and Order denying Defendant Luis Bartolo Madriz-Sandoval's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(b)(1), and Amendment 782 to the United States Sentencing Guidelines. Doc. 61. The final Order denying this motion was entered January 14, 2016. Doc. 62. On February 11, 2016, Defendant filed a notice of appeal. Doc. 63. Because the notice of appeal was filed more than 14 days after entry of the Order, the Court of Appeals determined that the notice was not timely under Federal Rule of Appellate Procedure 4(b)(1)(A). Doc. 67 at 1. However, because the notice was filed within 30 days after the expiration of the time to file the notice of appeal, *see* Fed. R. App. P. 4(b)(4), the Court of Appeals remanded the case to this Court for the limited purpose of permitting this Court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b). Doc. at 1-2.

1

*See* Fed. R. App. P. 4(b)(4); *United States v. Ono*, 72 F.3d 101, 103 (9th Cir. 1995) (order); *United States v. Stolarz*, 547 F.2d 108 (9th Cir. 1976).

"Rule 4(b)(4) authorizes a district court to extend the time to appeal based on either of two grounds: 'good cause' or 'excusable neglect.'" *United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). As such, it is a "loosely defined" and "relatively malleable concept." *Navarro*, 800 F.3d at 1109.

"An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court" in *Pioneer Investment Services Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 395 (1993). *Navarro*, 800 F.3d at 1109. Those four factors are: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc). "Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994).

Defendant shall have until March 18, 2016, to file a request to extend the time for filing his notice of appeal. The United States shall have 10 days from the filing of Defendant's request to file any response or non-opposition.

IT IS SO ORDERED.

Dated:   **February 19, 2016**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

2